**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROGER JAMES WHITE, JR.,
　　　　　　Appellant,

　　　　　v.

DEPARTMENT OF HOUSING AND
　　URBAN DEVELOPMENT,
　　　　　　Agency.

DOCKET NUMBER
DC-0752-14-0358-I-1

DATE: September 14, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Roger James White, Jr., Daytona Beach, Florida, pro se.

Eugenia M. Jackson, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2      The appellant filed this appeal with the Board alleging that the agency improperly proposed his indefinite suspension and removal from the position of Program Analyst, GS-0343-12, with the agency's Office of Fair Housing and Equal Opportunity.  Initial Appeal File (IAF), Tab 1.  The agency filed a motion to dismiss the appeal for lack of Board jurisdiction, arguing that the Board lacked jurisdiction because the appellant had not shown that an adverse action had been taken against him.  IAF, Tab 4.  The administrative judge ordered the appellant to file evidence and argument to demonstrate that the appeal was within the Board's jurisdiction.  IAF, Tab 6.  The appellant failed to respond.  The administrative judge thus dismissed the appeal for lack of Board jurisdiction.  IAF, Tab 7, Initial Decision (ID).

¶3      The initial decision was issued on March 7, 2014.  ID at 7.  The finality date was April 11, 2014.  ID at 3.  The appellant filed a petition for review on May 29, 2015.  Petition for Review (PFR) File, Tab 1.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4      The Board's regulations require that a petition for review be filed within 35 days after the date of the issuance of the initial decision or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after the receipt of the initial decision.  5 C.F.R. § 1201.114(e).  The Board will excuse the untimely filing of a petition for review only upon a showing of good cause.  5 C.F.R. § 1201.114(g).  An untimely filed petition for review must be accompanied by a motion that shows good cause for the untimely filing and an affidavit or sworn statement that includes a specific and detailed description of the circumstances causing the late filing.  *Id.*

¶5      Here, the Clerk of the Board acknowledged receipt of a petition for review, but informed the appellant that:  (1) the petition was untimely filed; (2) the Board's regulations require that a petition that appears to be untimely filed be

accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause; (3) such a motion must be supported by an affidavit or declaration made under penalty of perjury showing either that the petition was timely filed or that there is good cause for the late filing; and (4) the Board may dismiss the petition for review as untimely filed if the appellant did not provide a motion with an affidavit or declaration.  PFR File, Tab 2.

¶6		The appellant did not file such an affidavit or declaration.  Instead, he responded to the Clerk's notice with an unsworn letter.  PFR File, Tab 3.  In the letter, the appellant stated that he "did not receive anything in February of 2014 indicating that [he] needed to respond."  *Id.* at 1.  He explained that he "had become gravely ill in February and remained ill throughout the summer."  *Id.*  He enclosed a letter from his physician dated August 26, 2014, which states that he was ill from March through June 2014 "requiring hospitalization, surgical procedure and extensive and prolonged antibiotics for febrile and infectious illnesses."  *Id.* at 2.  Additionally, the letter states, he was confined to his home during this period with a communicable disease.  *Id.*  The appellant explained that the physician's note was prepared on August 26, 2014, because he "had returned to college and would have failed numerous classes because of [his] absence."  *Id.*

¶7		We find that, even if the appellant had submitted a proper affidavit or declaration, he has failed to establish good cause for the Board to waive its filing deadline.  To establish good cause for waiver of the Board's filing deadline, an appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980).  In considering whether he has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability

to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8        Although the appellant contends that he did not receive the initial decision, PFR File, Tab 1 at 1, the certificate of service shows that the administrative judge sent the decision to both the appellant and his then-representative on the date of issuance, IAF, Tab 8.  As for his assertion that he would not have been able to respond even if he had received the initial decision, the appellant has not explained why his then-representative failed to respond, or why he waited for 11 months to contact the Board about his appeal after the disability period documented in his physician's letter.  The Board may find good cause for a delay in filing due to an employee's hospitalization, ill health, or incapacitation extending beyond the time limit as prescribed in the Board's regulations. *Suchecki v. U.S. Postal Service*, 47 M.S.P.R. 27, 29 (1991).  Under circumstances similar to the ones in this appeal, however, the Board has found that appellants failed to establish good cause for a filing delay.  *See, e.g.*, *id.* (finding that, although the appellant showed that he was unable to file due to his hospitalization until a certain date, he failed to establish good cause for the 20-day delay in filing after his release from the hospital, and he also failed to show why his attorney was unable to file a petition on his behalf, or request an extension of time in which to file); *Hatcher v. Department of Health & Human Services*, 27 M.S.P.R. 557, 557 (1985) (concluding that the appellant failed to establish good cause for the delay in filing a request for his appeal to be reopened where he submitted evidence that he was hospitalized for several months, starting the date of his hearing, but he did not explain the lengthy delay between his release from the hospital and the date upon which he filed his request).

¶9        Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the

Board regarding the appellant's appeal of his proposed indefinite suspension and proposed removal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States court of appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono

representation for Merit Systems Protection Board appellants before the Federal court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                _____
                                                 William D. Spencer
                                               Clerk of the Board

Washington, D.C.